**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BLITCH, an individual, | Civil Action No. 16−cv−5221 |
| Plaintiff, | |
| v. | The Honorable _____ <br> Presiding Judge |
| J.M., a individual and minor, by and through his parent, DEBRA MIRABELLI, and DEBRA MIRABELLI, an individual, | The Honorable _____ <br> Magistrate Judge |
| Defendants. | |

## COMPLAINT FOR DIRECT AND CONTRIBUTORY INFRINGMENT

NOW COMES Plaintiff, MICHAEL BLITCH, by and through his attorneys Windy City Trial Group Inc., as and for his Complaint for Direct and Contributory Infringement against J.M. and DEBRA MIRABELLI ("MIRABELLI"), respectively, states as follows:

### NATURE OF THE CLAIMS

1.     Plaintiff BLITCH seeks injunctive relief, minimal statutory damages and permanent injunctive relief against Defendants J.M. for direct copyright infringement and MIRABELLI for contributory copyright infringement for the continued and deliberate posting and claimed authorship of a copyright registered aerial photograph created by Plaintiff over the city of Dubrovnik, Croatia ("the PHOTOGRAPH"), and first published on Plaintiff's Facebook page on December 4, 2015.

### PARTIES

2.     Plaintiff BLITCH is a career professional photographer and resident of Florida, specifically 1705 Cottage Oaks Court, Brandon, Florida 33510.

3.     Defendant J.M., on information and belief, is a minor, age fifteen (15) and

residing in Illinois with his mother Debra Mirabelli, 2620 Clarence Avenue, Berwyn, Illinois 60402.

4.       Defendant MIRABELLI, on information and belief, is the adult parent and otherwise legal guardian of Defendant J.M., residing in Illinois with J.M. at 2620 Clarence Avenue, Berwyn, Illinois 60402.

## JURISDICTION AND VENUE

5.       This court has jurisdiction pursuant 28 U.S.C. §1331 as the claims herein arise pursuant to 17 U.S.C. §101 *et.seq.* (Copyright Act).

6.       Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the events or omissions giving rise to claims herein occurred in this District.

## BACKGROUND FACTS

Creation and Publication of the Copyrighted Photograph

7.       BLITCH is a self-employed, career professional photographer.

8.       In May 2014, and in furtherance of his career, BLITCH travelled to Dubrovnik, Croatia to take certain photographs as part of a planned book.

9.       BLITCH used an Unmanned Aircraft System (UAS), sometimes referred to in the general public as a "drone," attached with a camera, in order to affix the photograph in a tangible medium. The particular brand of drone, which becomes relevant *infra*, is a DJI Phantom.[1]

10.       On December 4, 2015, BLITCH first published his photograph on his Facebook page. The published photograph included an embedded watermark with the notice "© 2014 Michael Blitch." In addition to the copyright notice, BLITCH's Facebook Page contained the prominent admonition "Pictures may NOT be copied or republished without permission."

---

[1] DJI Phantom is the brand name of a popular drone used by hobbyists and professionals for both pleasure and professional endeavors, including but not limited to aerial photography.

11.     Effective December 17, 2015, BLITCH's received registration for the PHOTOGRAPH at the United States Copyright Office, Registration Number VA 1-998-607. A copy of said application and a specimen of the PHOTOGRAPH are attached hereto as Group Exhibit "A."

Wrongful Conduct by J.M.

12.     On December 8, 2015, Defendant J.M. copied the PHOTOGRAPH and posted same on a Facebook group page known as the "DJI Phantom Owners Page."

13.     The PHOTOGRAPH posted on DJI Phantom Owners Page had been altered by J.M. in that the watermark copyright notice has been intentionally removed in violation of 17 U.S.C. §1201 of the Copyright Act.

14.     At all times relevant, BLITCH has never given J.M permission to use the PHOTOGRAPH in any manner.

15.     In addition to copying, altering and posting the PHOTOGRAPH on the DJI Phantom [Facebook] Owners Page, J.M. also affirmatively and falsely claimed exclusive authorship of the PHOTOGRAPH.

16.     The aforementioned conduct by J.M. constitutes direct infringement under 17 USC §501(a) of the Copyright Act.

Remedial Efforts by BLITCH Unsuccessful

17.      Shortly after learning of the infringement by J.M., and then unaware of Defendant J.M.'s age of minority, BLITCH engaged local (Florida) intellectual property legal counsel.

18.     On January 15, 2016, the aforementioned intellectual property counsel sent a demand letter to J.M. seeking that J.M. remove the posted PHOTOGRAPH, destroy of any other

copies of same, and a monetary settlement amount of $1,000.00.

19.    On January 31, 2016, the aforementioned counsel for BLITCH received notice via his mother, Defendant Debra Mirabelli, acknowledging J.M. exercised "poor judgment  ... and realizes his error and knows how his actions were wrong." Mirabelli then made a counteroffer to reduce BLITCH's demand of $1,000 to a simple written apology.

20.    As a result of the January 15, 2016 letter by BLITCH's intellectual property counsel to J.M., Defendant MIRABELLI knew or reasonably should have known no later than January 31, 2016 of J.M.'s wrongful conduct.

21.    On February 2, 2016, BLITCH's counsel relayed BLITCH's agreement to lower the settlement demand to written apology and reduced his monetary demand to $600.00, the latter representing his out of pocket attorneys' fees at that date.

22.    On February 8, 2016, BLITCH's counsel received a response from counsel retained by Defendant MIRABELLI on behalf of minor J.M. The offer was rejected.

23.    At this point, and as a cost-cutting measure, BLITCH discharged his local (Florida) intellectual property attorney and attempted further negotiations on his own. These efforts with MIRABELLI and her subsequently retained legal counsel were unsuccessful.

24.    As of the drafting of this Complaint, the infringing PHOTOGRAPH remains posted on the DJM Phantom Owners Page and Defendants have taken no affirmative steps to remove it.

25.    BLITCH has learned through certain Facebook postings to be disclosed in discovery that J.M. has been permanently blocked from certain group Facebook pages for wrongful, abusive and/or vulgar behavior, which may include the subject DJI Owners Page.

26.    However, the aforementioned conduct of J.M. and resulting consequences does

not relieve Defendants J.M. or MIRABELLI of their obligation to contact the Administrator(s) of said group, and if unsuccessful, Facebook management under the safe harbor provision of the Copyright Act (as amended by the Digital Millennium Copyright Act of 1998), and demand removal of the PHOTOGRAPH.

## CLAIM I

(Direct Copyright Infringement by J.M.)

27.    BLITCH re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.    BLITCH has an exclusive, valid and enforceable copyright in the PHOTOGRAPH.

29.    J.M. deliberately removed the watermark copyright notice placed on the photograph by BLITCH. This conduct violates 17 U.S.C. §1202(b) of the Copyright Act (as created therein by the Digital Millennium Copyright Act of 1998).

30.    As a proximate result of J.M.'s deliberate removal of the CMI from BLITCH's PHOTOGRAPH, BLITCH has been monetarily damaged in the statutory amount permitted by 17 U.S.C. §1202(b) of not less than $2,500.00 and not more than $25,000.00.

31.    J.M. then posted a copy of the PHOTOGRAPH on the Facebook Group DJI Phantom Owners Page without permission from BLITCH and falsely and deliberately claimed authorship of said PHOTOGRAPH.

32.    J.M's aforementioned copying, posting and false claim of authorship constitutes direct infringement under the federal Copyright Act of 1976, 17 USC §501(a).

33.    As the proximate result of J.M.'s infringement, BLITCH has been monetarily damaged in the statutory amount permitted by 17 U.S.C. §504(c)(1) of not less than $750.00 and

not more than $150,000.00.

34.     As a result of J.M's deliberate act, BLITCH is further entitled to his reasonable attorneys' fees and costs to pursue the above-entitled claim pursuant to 17 U.S.C. §505.

**WHEREFORE**, Plaintiff MICAHEL BLITCH prays this Honorable Court enter judgment in its favor, and against Defendant J.M. for direct copyright infringement under 17 U.S.C. §101 *et.seq.,* and grant the following relief:

a)      Order that J.M. take all reasonable and necessary steps to cause to be removed, the PHOTOGRAPH from DLJ Phantom Owners Page;

b)      Award MICHAEL BLITCH statutory damages against J.M. a sum of not less than $2,500.00 pursuant to 17 U.S.C. §1202(b) for deliberately removing the watermark from the copyrighted PHOTOGRAPH;

c)      Award MICHAEL BLITCH statutory damages against J.M. a sum of not less than $750.00 pursuant to 17 U.S.C. §1202(c)(1) for infringing use of the PHOTOGRAPH;

d)      Award MICHAEL BLITCH his reasonable attorneys' fees and costs as a result of J.M.'s willful infringement under 17 U.S.C. §505; and

e)      Other such relief this Court deems just and proper.

## CLAIM II

(Contributory Copyright Infringement by Debra Mirabelli)

35.     BLITCH re-alleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

36.     MIRABELLI materially contributed to J.M. deliberately removing the watermark of the PHOTOGRAPH, placed on same by BLITCH. This conduct violates 17 U.S.C. §1202(b) of the Copyright Act (as created therein by the Digital Millennium Copyright Act of 1998).

37.     As a proximate result of MIRABELLI's material contribution to J.M.'s deliberate removal of the watermark from BLITCH's PHOTOGRAPH, BLITCH has been monetarily

damaged in the statutory amount permitted by 17 U.S.C. §1202(b) of not less than $2,500.00 and not more than $25,000.00.

38.     MIRABELLI materially contributed to J.M's infringement of posting the PHOTOGRAPH to DJI Phantom Owners Page in that she knew or reasonably should have known the conduct by J.M. was wrongful.

39.     MIRABELLI's aforementioned material contribution constitutes contributory infringement of BLITCH's copyright in said PHOTOGRAPH under the federal Copyright Act of 1976, 17 USC §101, *et.seq.*

40.     As the proximate result of MIRABELLI's material contribution to J.M.'s infringement, BLITCH has been monetarily damaged in the statutory amount permitted by 17 U.S.C. §504(c)(1) of not less than $750.00 and not more than $150,000.00.

41.     BLITCH is further entitled to his reasonable attorneys' fees and costs to pursue the above-entitled counterclaim pursuant to 17 USC §505.

**WHEREFORE**, Plaintiff MICAHEL BLITCH prays this Honorable Court enter judgment in its favor, and against Defendant DEBRA MIRABELLI for contributory copyright infringement under 17 U.S.C. §101 *et.seq.,* and grant the following relief:

   a)     Order that DEBRA MIRABELLI take all reasonable and necessary steps to cause to be removed, the PHOTOGRAPH from DLJ Phantom Owners Page;

   b)     Award MICHAEL BLITCH statutory damages against DEBRA MIRABELLI a sum of not less than $2,500.00 pursuant to 17 U.S.C. §1202(b) for materially contribution to J.M. deliberately removing the watermark from the PHOTOGRAPH;

   c)     Award MICHAEL BLITCH statutory damages against DEBRA MIRABELLI a sum of not less than $750.00 pursuant to 17 U.S.C. §1202(c)(1) for materially contributing to the infringing use of the PHOTOGRAPH;

d)     Award MICHAEL BLITCH his reasonable attorneys' fees and costs as a result of DEBRA MIRABELLI's willful and material contribution to J.M.'s willful infringement under 17 U.S.C. §505; and

e)     Other such relief this Court deems just and proper.


Dated:  May 13, 2016                  Respectfully submitted,

                                              **MICHAEL BLITCH**


                              By:     <u>/s/ Dennis F. Esford</u>
                                         One of Its Attorneys

**WINDY CITY TRIAL GROUP, INC.**
Dennis F. Esford, Attorney No. 6281760
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
P: 312-283-8222
E: denny@windycitytrialgroup.com